# IN THE UNITED STATES BANKRUPTCY COURT FOR

# THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: **ANGEL M. AVILES MALDONADO** DEBTOR | CASE NO. 09-02162 (MCF) CHAPTER 7 ADVERSARY CASE No. 12-00265 |
| PLAINTIFF **ANGEL M. AVILES MALDONADO** V. **AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS** DEFENDANT | |

## OPINION AND ORDER

Before the Court is an unopposed Motion for Summary Judgment filed by Defendant Autoridad de Acueductos y Alcantarillados, also known as Puerto Rico Aqueduct and Sewer Authority (hereafter "Defendant") seeking the dismissal of this adversary complaint filed by Angel M. Aviles Maldonado (hereafter "Plaintiff") for damages, attorney's fees and contempt for violation of the discharge injunction. For the reasons stated herein, the court grants Defendant's motion for Summary Judgment and as a result the adversary case is dismissed.

## UNDISPUTED FACTS

1. Plaintiff filed for Chapter 13 bankruptcy on March 23, 2009.

2. The case was converted to a Chapter 7 bankruptcy on April 6, 2009.

3. Discharge was entered in favor of Plaintiff on June 21, 2010.

1

4.  Plaintiff used Defendant's waters service without having a registered account on or around January 16, 2009, in violation of Defendant's rules and regulations #5129 known as The Clandestine Taking or Discharging, Water Theft and Manipulation of Meters or Other Property of the Puerto Rico Aqueduct and Sewer Authority Code. (our translation)[1]

5.  On January 12, 2011, Defendant issued a decision in the administrative proceeding against Plaintiff regarding the unauthorized water service use.

6.  The administrative decision imposed a $1,000 fine and a $200 charge for administrative expenses against Plaintiff.

7.  Plaintiff did not seek a revision of the administrative decision entered by Defendant.

8.  On February 14, 2011, Plaintiff opened and registered an account with Defendant.

9.  On August 26, 2011, Defendant posted the $1,200 penalty charges on Plaintiff's account.

10. On May 9, 2012, Plaintiff filed this adversary action.

11. On August 30, 2013, Defendant filed a Motion for Summary Judgment (Docket No. 41).

12. Plaintiff expressed his intentions to oppose the Motion for Summary Judgment (See Docket No. 42), however, such opposition was never filed.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper only where there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056.

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). In order to determine if this burden is met, the court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997). Once the moving party has made a preliminary showing that no genuine issue of material fact exists, "the nonmovant must contradict the showing by pointing to specific facts demonstrating that there is, indeed, a trialworthy issue." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995)(citing Celotex, 477 U.S. at 324).

---

1. In Spanish, Regulation #5129 reads, "Codigo sobre Tomas o Descargas Clandestinas, Hurto de Agua, Manipulación de Contadores u otros Accesorios Propiedad de la Autoridad de Acueductos y Alcantarillados."

2

## LEGAL ANALYSIS

In its complaint, Plaintiff alleges that Defendant has engaged in efforts to collect on a pre-petition debt after discharge had been entered in his favor.  Plaintiff asserts that Defendant's deceptive collection actions are an unlawful attempt to coerce him into paying a debt that has been discharged by court order.  Plaintiff adds that Defendant's were properly notified of the bankruptcy proceedings and the eventual discharge, and as such their actions constitute a willful violation of the discharge injunction, pursuant to 11 U.S.C. § 524(a).[2]  Plaintiff concludes that he has suffered damages and has been unduly inconvenienced by the unscrupulous actions of the Defendant which warrant an order to cease and desist its collection actions, the award of actual and punitive damages, costs and attorney's fees and that Defendant be found in contempt of the Court.

Defendant, in turn, alleges that its actions did not violate the discharge injunction since the $1,000 fine and the $200 administrative expense are penalties imposed by a governmental unit in accordance to its police powers.  As a result, Defendant argues that it is pursuing its statutory right to collect on a fine or penalty which is non-dischargeable by virtue of § 523(a)(7).

Exceptions to discharge under the Bankruptcy Code are often narrowly construed to further the Code's purpose of giving a "fresh start" to the honest debtors.[3]  The Code, however, is "not intended to be a haven for wrongdoers."[4] Section 523(a)(7) states in its relevant parts:

> (a) A discharge under section 727 of this title does not discharge an individual debtor from any debt--
>
> …
>
> (7) to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty.[5]

The First Circuit has established that in order to categorize a debt as non-dischargeable under § 523(a)(7) it must comply with three requirements: (1) the debt must arise from a fine, penalty or forfeiture, (2) payable to and for the benefit of a governmental unit, and (3) not compensation for actual

---

2. Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (the "Bankruptcy Code").
3. See Palmacci v. Umpierrez, 121 F.3d 781, 786 (1st Cir. 1997).
4. United States HUD v. Cost Control Mktg. & Sales Mgmt., 64 F.3d 920, 927 (4th Cir. 1995).
5. 11 U.S.C. § 523(a)(7).

pecuniary loss.[6]  Therefore, in order to qualify for a dischargeability exception under § 523(a)(7), normally the particular penalty must serve some "punitive" or "rehabilitative" governmental aim, rather than a purely compensatory purpose.[7]

It stems from the undisputed facts adopted by the court that the $1,200 debt was imposed on Plaintiff as a fine for illegal usage of water service, not for unpaid water service billings or pecuniary losses.  Defendant imposes such fines and penalties as a matter of public policy according to the powers it has been granted by local law and regulations.  At this juncture, Plaintiff is unable to challenge the fine and penalty imposed by Defendant since the administrative ruling is now final and unappealable.[8]  It is undisputed that Defendant is a governmental unit[9] and the payment of the penalty imposed will undoubtedly be for its benefit.  Therefore, the First Circuit's three part test for a § 523(a)(7) discharge exemption is clearly satisfied in this case.  Plaintiff has a debt based on a punishment; consequently, any effort undertaken by Defendant to collect this debt is not considered a violation of the discharge inunction.  Defendant has a legal duty to collect Plaintiff's debt as allowed by exception under § 523(a)(7) of the Bankruptcy Code.

In view of the foregoing, Defendant's Motion to Dismiss is granted and the case is dismissed with prejudice.

SO ORDERED.

In San Juan Puerto Rico, this 27 day of December, 2013.



Mildred Cabán Flores
U.S. Bankruptcy Judge

---

6. Whitehouse v. Laroche, 277 F.3d 568, 573 (1st Cir. 2002).
7 Whitehouse 277 F.3d at 573 (citing Kelly v. Robinson, 479 U.S. 36, 52 (1986)); See also Richmond v. N.H. Supreme Court Comm. on Prof'l Conduct, 542 F.3d 913 (1st Cir. 2008).
8. Puerto Rico Aqueduct and Sewer Authority Rules and Regulation No. 5129.
9. Defendant is a governmental unit under the definition provided by 11 U.S.C. § 101(27) since it is deemed to be a "government instrumentality" that performs an "essential government function," pursuant to 22 L.P.R.A. § 142.